Michael Pancer & Devin Burstein
Cal. Bar Nos. 43602, 255389
105 West F Street, 4th Floor
San Diego, CA 92101-6036
(619)236-1826
Fax: (619)233-3221
Email: mpancer@hotmail.com

Pamela Robillard Mackey
Colo. Bar No. 15136
Haddon Morgan and Foreman, P.C.
150 East 10th Street
Denver, CO 80203
(303)831-7364
Fax: (303)832-2628
Email: pmackey@hmflaw.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 18-cr-4574-AJB |
| Plaintiff, | |
| v. | Motion for bill of particulars. |
| WILLIAM DAVID TURLEY, | August 5, 2019 at 2:00 p.m. |
| Defendant. | |

**A.     Introduction.**

Meaningful notice is the foundation of due process and a fair trial. At a minimum, the government must tell the defendant specifically what he or she allegedly did to violate the law. *See Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) ("The essence of due process is the requirement that 'a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it.'") (citation omitted). Here, however,

1

that minimal foundation is missing.

Even now, as a result of the boilerplate, barebones indictment, the defense is unsure what it is defending against. To remedy this deficiency, Mr. Turley respectfully requests the Court order the government to file a bill of particulars specifying the alleged actus reus and mens rea on which it will proceed at trial. *See* Fed.R.Crim.P. 7(f) ("The court may direct the government to file a bill of particulars.").

**B.     Relevant facts.**

The indictment in this case does little more than track the statute. It provides:

> On or about May 16, 2018, within the Southern District of California, defendant WILLIAM DAVID TURLEY, in and affecting interstate commerce, did knowingly recruit, entice, harbor, transport, provide, obtain, maintain, patronize, and solicit by any means a person, to wit, A.L., a minor (age 16), knowing and in reckless disregard of the fact that A.L. would be caused to engage in a commercial sex act, knowing and in reckless disregard of the fact that A.L. had not attained the age of 18 years, and having had a reasonable opportunity to observe A.L.; in violation of Title 18, United States Code, Section 159l(a) and (b).

Dckt. 1.

This leaves much to speculation, both as to the alleged misconduct and the requisite mental state. In particular, on the following elements, the prosecution's theory remains unclear:

1. In terms of criminal conduct, did Mr. Turley allegedly recruit, entice, harbor, transport, provide, obtain, maintain, patronize, or solicit A.L.? Was it just one of these things, or more? And how did he do it? For example, if the government is alleging solicitation or enticement, how so? What specifically did he do, and when?

2. What was the alleged commercial sex act, and when did it happen? And did Mr. Turley act knowingly or with reckless disregard as to the alleged act?

3. Similarly, as to A.L.'s minor status, what is the alleged mens rea? Did Mr. Turley act knowingly, in reckless disregard, or is the government relying on a reasonable opportunity to observe?

4. What did Mr. Turley allegedly do that affected interstate commerce?

Resolving these questions is critical to defense preparations, but the indictment provides no answers. Nor does the discovery solve the mystery. Thus, the defense seeks a bill of particulars.

**C.  Discussion.**

"A motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense. It is designed to apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) (citations omitted). It is especially necessary when, as here, there is a boilerplate-charging document. In such circumstances, a bill of particulars will "normally respond[] to specific questions formulated by the defendant" and "provid[e] more detail of the facts upon which the charges are based." *United States v. Inryco, Inc.*, 642 F.2d 290, 295 (9th Cir. 1981).

Moreover, because bills of particulars serves "to enable the accused to meet the charges presented against him," they "should be liberally [granted] to carry out this purpose." *United States v. O'Connor*, 237 F.2d 466, 476 (2d Cir. 1956). Indeed, the

3

amendments to Rule 7(f), which eliminated "the requirement that cause be shown before a bill of particulars may be ordered, [were] 'designed to encourage a more liberal attitude by the courts towards bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases.' The net result of the change seems to have been to increase the instances in which particulars are granted, thus contributing to a desirable decline in the 'sporting theory' of criminal justice." *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971).

Here too, that "desirable decline" should continue. As noted, the indictment leaves considerable uncertainty as to what the government will attempt to prove at trial. This shortfall is apparent when viewed in the context of the Ninth Circuit's model instructions for the charged offense. *See* 9th Cir. Model Crim. Instr. 8.134A.

First, the government must prove "the defendant knowingly [recruited] [enticed] [harbored] [transported] [provided] [obtained] [advertised] [maintained] [patronized] [or] [solicited] a person to engage in a commercial sex act." *Id.* Here, the defense does not know which bracket or brackets the government intends to argue at trial. And whatever bracket it is, the defense is unsure of the government's theory as to an alleged commercial sex act. Indeed, as far as the discovery reveals, there is no evidence an alleged sex act was performed as the result of any monetary agreement or quid pro quo expectation.

Second, the government must prove, "the defendant [knew] [was in reckless disregard of the fact] . . . [that the person had not attained the age of 18 years and would

be caused to engage in a commercial sex act]." *Id.* Here, the indictment lists both, *and* the alternative "reasonable opportunity to observe" in section 1591(c). Thus, it is unknown what theory the government will present at trial. From the defense perspective, this lack of clarity is untenable. Mr. Turley's mens rea will surely be a critical issue in dispute. Plainly, the defense needs to know what it is up against.

The third and final element is that "the defendant's acts were [in or affecting interstate or foreign commerce] [within the special maritime and territorial jurisdiction of the United States]." *Id.* Although the indictment makes clear the government is alleging "in and affecting interstate commerce," the discovery does not reveal any plausible theory. Given that all of the alleged contact between Mr. Turley and the alleged minor took place in San Diego, and that there has been no discovery showing an interstate commerce connection, this aspect of the prosecution remains a mystery.

To be clear, this is not a matter of putting our heads in the sand. The defense has tried to discern the government's theory, but to no avail. Accordingly, because, Mr. Turley "requires clarification in order to prepare a defense," "a bill of particulars is appropriate." *Long*, 706 F.2d at 1054.

**D.   Conclusion.**

As a result of the boilerplate indictment, the theory of prosecution remains unclear. To safeguard Mr. Turley's Fifth and Sixth Amendment rights – as well as prevent needless delay during trial – Mr. Turley respectfully requests the Court grant his

motion for a bill of particulars, and direct the government to answer the specific questions set forth above on pages 2-3.

Dated: June 12, 2019.                                              Respectfully submitted,

/s/ *Michael Pancer & Devin Burstein*
Law Office of Michael Pancer
105 West F Street, 4th Floor
San Diego, CA 92101-6036
(619)236-1826
Fax: (619)233-3221
Email: mpancer@hotmail.com

/s/ *Pamela Robillard Mackey*
Haddon Morgan and Foreman, P.C.
150 East 10th Ave
Denver, CO 80203
(303)831-7364
Fax: (303)832-2628
Email: pmackey@hmflaw.com