Michael Pancer & Devin Burstein
Cal. Bar Nos. 43602, 255389
105 West F Street, 4th Floor
San Diego, CA 92101-6036
(619)236-1826
Fax: (619)233-3221
Email: mpancer@hotmail.com

Pamela Robillard Mackey
Colo. Bar No. 15136
Haddon Morgan and Foreman, P.C.
150 East 10th Street
Denver, CO 80203
(303)831-7364
Fax: (303)832-2628
Email: pmackey@hmflaw.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM DAVID TURLEY,<br><br>Defendant. | Case No.: 18-cr-4574-AJB<br><br>Motion to compel discovery<br><br>August 5, 2019 at 2:00 p.m. |

### **INTRODUCTION**

The government contends Mr. Turley bought a cellphone and provided it to Emily. Emily then used the phone to communicate with Mr. Turley and others. The defense has repeatedly requested production of the phone data. The government agreed to disclose several messages from the phone, which confirmed Emily was discussing the

1

Sugardaddy website with her friends. But other than those few messages, it has refused to produce any additional data from the phone.[1]

The government's refusal violates Federal Rule of Criminal Procedure 16, and likely its obligations under *Brady*/*Giglio*. The phone data is material to preparing the defense and almost certainly contains impeachment evidence. Accordingly, the Court should compel production.

## DISCUSSION

This discovery matter "represents another example of an unfortunate lapse in orderly prosecutorial procedures[.]" *Santobello v. New York*, 404 U.S. 257, 260 (1971). Time after time, the Ninth Circuit tells the government to produce *all* relevant evidence to the defense. Time after time, it doesn't listen. Here we go again.

The relevant law is as follows:

- "[D]efendants [have] a broad right to discovery." *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010).

- Upon the defendant's request, the government "*must*" disclose all "documents, data, [and] objects, . . . within the government's possession, custody, or control . . . [that are] material to *preparing* the defense[.]" Fed. R. Crim. P. 16(a)(1)(E)(i) (emphasis added).

- Rule 16 discovery obligations extend to any information that might be "helpful" to preparing "a possible defense." *United States v. Budziak*, 697 F.3d 1105, 1111 (9th

---

[1] The government responded on July 10, 2019, that it would not produce the phone data. Because its response came after Mr. Turley's other motions were filed, this motion could not be filed by the original due date. Also, to be clear, this is a different phone than the one addressed in Mr. Turley's previous motion to compel, Dckt. No. 51.

2

Cir. 2012). This is a low threshold. *See id.; see also United States v. Soto-Zuniga*, 837 F.3d 992, 1003 (9th Cir. 2016).

- "Information that is not exculpatory or impeaching may still be relevant to developing a possible defense." *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013).

- "Even *inculpatory* evidence may be relevant. A defendant who knows that the government has evidence that renders his planned defense useless can alter his trial strategy. Or he can seek a plea agreement instead of going to trial." *Id.* (emphasis added); *see also United States v. Doe*, 705 F.3d 1134, 1151 (9th Cir. 2013) ("Even if the documents caused [the defendant] to completely abandon the [] defense and take an entirely different path, the documents would still have been 'material to preparing the defense' under Rule 16[.]").

- The "defendant needn't spell out his theory of the case in order to obtain discovery. Nor is the government entitled to know in advance specifically what the defense is going to be." *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013).

- Finally, "the district court should not [] defer to government assertions that discovery would be fruitless. While we have no reason to doubt the government's good faith in such matters, *criminal defendants should not have to rely solely on the government's word that further discovery is unnecessary*." *Budziak*, 697 F.3d at 1113 (emphasis added).

Applying this law to Mr. Turley's request for Emily's phone data leads to a straightforward result: it must be disclosed.

The data on Emily's phone – whether exculpatory, inculpatory, or both – is helpful to Mr. Turley's defense. As just one example, the people with whom Emily was in contact with in the immediate time frame of the alleged incident are likely some of the most important witnesses. Their contact information on the phone, therefore, is material to defense preparations. The photos, search history, contacts, messages, etc., are all equally relevant. They paint a digital picture of Mr. Turley's accuser that no amount of

3

post-hoc investigation can duplicate. Thus, the phone data is critical to the defense and discoverable under Rule 16(a)(1)(E).

This is also true under *Brady* and *Giglio*,[2] which require disclosure of all information that is either "exculpatory" or "impeaching." *United States v. Price*, 566 F.3d 900, 907 (9th Cir. 2009). This "includes material . . . that bears on the credibility of a significant witness in the case." *United States v. Blanco*, 392 F.3d 382, 387 (9th Cir. 2004) (citation and quotations omitted). "[I]f doubt exists, it should be resolved in favor of the defendant and full disclosure made.... [T]he government [should therefore] disclose all evidence relating to guilt or punishment which might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence." *Price*, 566 F.3d at 913, n.14 (brackets in original, internal citations and quotations omitted).

Here, there is no doubt Emily is a significant witness. She is the alleged victim and her trial testimony will be crucial for the government's case. Indeed, Emily's anticipated testimony that she allegedly performed oral sex on the defendant is the *only* evidence of such act. No physical evidence supports her claim and there is no electronic evidence (at least known to the defense) corroborating her allegation. Emily's credibility is paramount.

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

Thus, it strains credulity to suggest the phone does not contain evidence that is relevant for impeachment – e.g., Emily lying about her age or making other admissions that call her credibility into question. Accordingly, for this reason too, the phone data must be disclosed.

## CONCLUSION

Mr. Turley respectfully requests the Court grant his motion to compel discovery.

Dated: July 16, 2019                                  Respectfully submitted,

                                                      Devin Burstein